UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NOLAN JOHNSON, #210912,

    Plaintiff,                      Case No.: 05-CV-60101

                                    HON. JOHN CORBETT O'MEARA
vs.                                   MAG. JUDGE WALLACE CAPEL, JR.

CARUSO, et. al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.     INTRODUCTION**

This matter is before the Court on the Plaintiff's 42 U.S.C. § 1983 Complaint. The Plaintiff in this action is currently housed at the Parnall Correctional Institution. He filed his Complaint on May 5, 2005. The case has been referred to the undersigned by the Honorable John Corbett O'Meara for all pretrial purposes. Pending before the Court is "Defendants' Motion to Dismiss For Failure to State a Claim Upon Which Relief Can Be Granted," filed December 21, 2005.

**II.    ANALYSIS**

On February 9, 2006, after a review of the case file and pleadings, the undersigned issued an Order to Show Cause that Plaintiff provide proof that he had exhausted his administrative remedies prior to filing suit. On February 22, 2006, Plaintiff filed a Response in which he acknowledged that he had failed to exhaust his administrative remedies prior to filing suit.

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must first allege and show that he has exhausted all available administrative remedies. See 42 U.S.C. §

1

1997e(a); Brown v. Toombs, 139 F.3d 1102 (6th Cir.), cert denied, 525 U.S. 833, 119 S.Ct. 88 (1998). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. See Porter v. Nussle, 534 U.S. 516, 532, 112 S.Ct. 983 (2002). A district court must enforce the exhaustion requirement sua sponte. Brown, 139 F.3d at 1104.

Plaintiff has failed to comply with the requirements of § 1997e(a), and his Complaint, therefore, must be dismissed.

### III. CONCLUSION

For the reasons stated above, it is respectfully recommended that Plaintiff's Complaint be **DISMISSED** without prejudice.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation that they may serve and file specific, written objections to the proposed findings and recommendations. Further, either party may respond to another party's objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals. United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, the Court, in its discretion, may enlarge the period of time in which to file objections to the report.

                                         s/Wallace Capel, Jr.
                                         **WALLACE CAPEL, JR.**
                                         **UNITED STATES MAGISTRATE JUDGE**

**Date:** March 3, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**CERTIFICATE OF SERVICE**

I hereby certify that on <u>March 2, 2006</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: <u>Cori E. Reyes, Assistant Attorney General, P. O. Box 30217, Lansing, Michigan 48909</u>.

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): <u>Nolan Johnson, #210912, Parnall Correctional Facility, 1780 E. Parnall, Jackson, Michigan 49201</u>.

<u>s/James P. Peltier</u>
United States District Court
Flint, Michigan 48502
810-341-7850
E-mail: pete_peltier@mied.uscourts.gov
